HENRY M. DEROCHEMONT

*vs.*

CAMDEN AND ROCKLAND WATER COMPANY.

Knox.        Opinion December 1, 1930.

*Charles T. Smalley*, for plaintiff.
*Alan L. Bird*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

THAXTER, J.    This is an action based on the negligence of the
defendant company. The specific act charged is that without warn-

ing it shut off the water in the main which supplied the plaintiff's house, whereby damage was caused to a direct pressure hot water tank. The plaintiff pleads his own due care. The case is before this court on report for determination on so much of the evidence as is legally admissible.

It appears that the plaintiff's house is situated on high ground in the City of Rockland near a dead end of the water main. In the evening of November 5, 1929, the water company at a point below the plaintiff's house shut off the water for a period of six minutes, in order to be able to screw out a pipe from the main and to insert a plug. The water ran out of the main and from the plaintiff's tank. A vacuum was thereby created in the tank and it collapsed, due to pressure on its outside walls. Had the plaintiff been notified of the plan to turn off the water, air could have been admitted to the tank by the simple expedient of opening the faucets, and the creation of the vacuum and the consequent damage would have been prevented.

The rules of the defendant duly filed with the public utilities commission in accordance with the provisions of R. S. 1916, Chap. 55, Sec. 25, and properly posted read in part as follows:

"6. All consumers having direct pressure hot water tanks must place a check valve between such hot water tanks and the street main and also a pressure relief valve between the tank and the check valve. The Company will not be responsible for any damage to any consumer's premises where direct pressure hot water tanks are used."

The use of such a simple device as the check valve referred to in the above regulation would have prevented the water draining from the pipes and fixtures in the house, and the rule of the company requiring its use was apparently promulgated as a safeguard against the happening of such an event as here took place.

The defendant strenuously contends that there was no negligence by reason of its omission to give notice before shutting off the water in this instance. We do not deem it necessary to decide this question, for in our opinion the failure to use the ordinary device here prescribed by the rules of the company is negligence on the

part of the plaintiff, which will prevent his recovery. The plaintiff contends that the numerous safety devices referred to are unsatisfactory and do not always work. That they do not always function furnishes no excuse for the failure to use them and to have the benefit of such protection as they do afford. The check valve it is said sometimes causes tanks to explode, but this is only so because it prevents the forcing of the water in a tank back through the mains of the company. Users of water have, however, no presumptive right to use the mains for the relief of pressure within their houses, instead of installing suitable relief valves.

Counsel for the plaintiff insists that the company had waived the requirements of its rule by permitting numerous installations without the check valve thus prescribed. There is no evidence of the company's knowledge of the omissions to comply with its regulation. Its mere failure to inspect the appliances of each taker would not be regarded as a waiver of it. If the company had actual knowledge of the conditions within the plaintiff's house, and that the shutting off of the water might cause damage to fixtures there, we should have a different case from that here presented. It was under no obligation here to guard against the consequences of the plaintiff's negligence.

The entry must be

*Judgment for the defendant.*